## CATHERINE CLEINE

### v.

### ANTHONY ENGLEBRECHT.

Mr. Englebrecht, as solicitor, agreed with Mrs. Cleine to defend certain suits, for which she agreed to give him half of all the property or money that should be recovered. The defence entered failed, and the property was all rescued from Mrs. Cleine by judgment. Mr. Englebrecht procured Mrs. Cleine to execute and deliver to him a deed for one-half of other property which she owned without question, representing to her that it was for his *compensation under the agreement.*—*Held,* that such deed is fraudulent and void, both in law and in fact.

On bill, answer and proofs.

*Mr. F. Frambach, Jr.,* for complainant.

*Mr. S. B. Ransom,* for defendant.

BIRD, V. C.

The complainant asks to have a deed, which she made and delivered to the defendant for the undivided one-half interest in two lots of land, set aside as fraudulent and void. Although she denies all knowledge of executing this deed, she no doubt did so. Her claim is also that fraud and deception were practiced upon her by the defendant. She obtained her title to these lots by devise from Mr. Cox, whom she claimed to have been her husband. Mr. Cox died in 1878, leaving a will devising her these lands, and also leaving other lands. The will was admitted to probate, thus perfecting her title. She claimed that she was entitled to dower as widow in the lands not devised. To dispose of this claim and to free the estate from embarrassment, the executor filed a bill against her.

The defendant is an attorney-at-law and one of the solicitors of this court. Mrs. Cleine employed Englebrecht, the defendant, to defend the suit brought by the executor. He entered into an agreement in writing with her, that for his services for defending said suit she should give him "one-half of all sums of money recovered from the estate of Mr. Cox, deceased, either by suit or compromise." Mrs. Cleine was in possession of a house and lot (not one of those devised), and an action in ejectment was commenced against her to recover the possession. An opinion was pronounced in the suit in chancery, in the October term, 1884, adverse to Mrs. Cox, and although it does not appear definitely, yet about that time judgment was recovered against her in the action of ejectment. These events and dates are given for the purpose of adding and connecting therewith the fact that on November 17th, 1884, a very formal agreement, in writing, was entered into by Mrs. Cox and Mr. Englebrecht, in which it is recited that "there is now a suit or suits at issue and pending" &c., and that in consideration of $1, and of Englebrecht's maintaining and defending said suits, or any others which might there-

after be brought in reference to the rights of Mrs. Cox, the said Mrs. Cox " covenants and agrees to and with the said Anthony Englebrecht that the said Anthony Englebrecht shall receive, as compensation for said services, one-half of the properties or moneys so recovered or received in the said suits." Care was taken to have a master in chancery present to have them acknowledge the execution of this agreement. On the 4th day of the next February (1885) Mr. Englebrecht sent for Mrs. Cox to come to his office. There, in the presence of another attorney-at-law, a long conversation ensued respecting the suits which had been determined against Mrs. Cox and respecting the propriety of an appeal. I think both solicitors agree that there was a great deal of intercourse upon that occasion between them and Mrs. Cox upon these subjects. They agree that an appeal was not at all advisable. But they say that then and there the deed in question was presented to Mrs. Cox; that it was read over to her twice and explained to her.

It is admitted that the lands described in the deed were never the subject matter in dispute or litigation, and there is no sort of claim or pretence that they were included, or intended, in any sense, to be included within either of said agreements respecting compensation.

Mrs. Cleine is a woman of ordinary natural capacity, but can neither read nor write, and is extremely ignorant of all matters of business. There is no proof that she ever had the slightest experience or the remotest opportunity of knowing anything about the titles of real estate. The other solicitor, who was present and took the acknowledgment of the deed, says that he read the deed to her and explained its contents. It also appears that he had some interest in the suits, for he argued the one on final hearing before the chancellor, for which he has had no compensation, and he avoided answering the question as to compensation in the future, by saying that Mr. Englebrecht was under personal obligations to him.

At the time of the execution and delivery of the deed, in February, 1884, the estate of Mr. Cox was not settled—the accounts of the executor not yet having passed. Mrs. Cox's children

were interested in these accounts, and she was doing what she could in their behalf. Mr. Englebrecht continued to correspond with her respecting the accounts and invited her to come to his office. According to his statements, she was there in June, September and November, and perhaps at other times, but at the times named he says he spoke to her about his interest in these lands, and told her that he intended to file a bill for partition. He says that at none of these interviews did she deny having executed the deed, or in any way question his right to an interest in the land.

Let us go back to the time when the deed was executed. When Mrs. Cline went to the office of Mr. Englebrecht, the deed was all prepared for execution. It was prepared by the master who took the acknowledgment, and who, as counsel, had argued the cause before the chancellor. It was prepared at the request of Mr. Englebrecht. Mrs. Cox had not given any directions about it. Nor had she been consulted. She had no knowledge of it until it was about to be presented to her for execution. Mrs. Cox says that she heard nothing more of it from that day until she learned that she had in fact executed a deed for this property, from Mr. Brown, who told her that she had, and that he had seen the deed, and also told her that she had better employ some good lawyer. I do not think it is at all material to determine whether or not Mr. Englebrecht did speak to Mrs. Cox at different times before he filed his bill for partition in November, 1885, after which the interview was with Mr. Brown. I say it is not material, because he was still acting as her counsel in respect to the accounts of the executor, and she was under the same influence that she is presumed to have been when she executed the deed. And the whole transaction shows that until the filing of the bill for partition she had unbounded confidence in Mr. Englebrecht.

But the defence must fall upon the testimony of Mr. Englebrecht himself. He says that when the deed was executed " I explained to her that it was my compensation for services under the agreement." I do not see how he could make such a statement to his client. It certainly was not true in any sense. By the agreement he was to have the one-half of all that was re-

covered; but nothing was recovered. And the property men-
tioned in the deed and conveyed thereby was not by any possi-
bility involved in the controversy.

I must pronounce that the transaction complained of was not
only fraudulent in law, but in fact. Mr. Englebrecht makes it
so plain that he deceived and misled Mrs. Cox that every con-
sideration of duty requires me to say so.

Mr. Englebrecht is an attorney-at-law and a solicitor in this
court. The courts have given him a certificate of good charac-
ter, and upon this clients rely, as they have a right to do. The
courts, then, when called upon, must see to it that the high trust
implied is not abused. The courts must meet this responsibility
in a becoming spirit of firmness, or share in the odium and dis-
honor which is sure to follow. The reputation of both bench
and bar before an enlightened world is so involved that nothing
will save it from just reproach but the most rigid scrutiny and
the most exacting rules.

I will advise a decree declaring that the said deed is void, and
that Mr. Englebrecht execute to Mrs. Cox such a deed as she
delivered to him. The complainant is entitled to costs.